MATT HILDONEN *vs.* ROCKPORT GRANITE COMPANY.

Essex.   November 7, 1912. — January 27, 1913.

Present: RUGG, C. J., BRALEY, SHELDON, & DECOURCY, JJ.

*Negligence,* Employer's liability, In blasting.

At the trial of an action by a workman in a quarry against his employer to recover for injuries caused by the plaintiff being struck by a stone which was thrown by a blast from a pit adjoining that in which the plaintiff was working against the side of the pit and rebounded, it appeared that before the blast a warning was given to the workmen such as was required for a seam blast which was expected to cause only so many rocks to fly as the workmen could protect themselves from without leaving the pit, and the plaintiff contended that the defendant should have given a warning such as was used by the employer in case of heavy blasts when a great many stones were expected to fly. The plaintiff introduced in evidence interrogatories which he had propounded to the defendant and the answers thereto, from which it appeared that a seam blast generally was not called a heavy blast unless five or more kegs of powder were used, that for the blast which caused the injury only a keg and a half of powder was used, and that ample time was given for the workmen to protect themselves before the blast.   There was no evidence controlling or contradicting the answers to the interrogatories, and none tending to show that the person in charge of giving the warning had reasonable ground to expect that many stones would be thrown out by the blast. *Held,* that the jury would not have been warranted in finding the defendant liable.

TORT by an employee in a quarry of the defendant to recover for personal injuries caused by being struck by a stone thrown from a pit by a blast. Writ dated October 20, 1910.

In the Superior Court the case was tried before *Ratigan,* J. The material facts are stated in the opinion. At the close of the evidence, the judge ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. A. Pew,* for the plaintiff.

*H. F. Hurlburt, Jr.,* for the defendant.

DeCourcy, J. There appears to be no substantial conflict in the evidence as to the following facts: The defendant operated a stone quarry comprising two pits, the old or large one being about six hundred feet long, four hundred feet wide and one hundred and fifty feet deep, and the new or small one, which was northeast of the other, being about two hundred feet long, one hundred and twenty-five feet wide and sixty-five feet deep. These pits were separated by a granite wall, varying in height from one hundred to one hundred and fifty feet from the bottom of the old pit, and from twenty to sixty-five feet above the bottom of the new one. In the northwest corner of the new pit there was a stone about eight feet long, four and a half feet wide and sixteen feet deep, that had been entirely disconnected from the ledge. It was separated from the surrounding ledge by seams on its northern and western sides, and the rock had been entirely removed on the eastern and southern sides, except a "toe" that lapped over the western end of the southerly side of the stone, but was free from it.

This large stone had been moved some six or seven inches before the day of the accident, and the defendant's foreman, one Johnson, undertook to push it farther down the slanting bed of the pit. Powder to the amount of a keg and a half, or about thirty-seven pounds, was lowered into the seam on the western side of the stone, the blast was prepared and covered with earth in the usual manner; the steam whistle then was sounded three times, and after the lapse of a minute or more the charge was fired. The plaintiff had been working in the old pit, about thirty feet from its eastern wall, and when the warning whistle sounded he stopped his work and walked about twenty feet toward the centre of the pit. While he was looking up at the stones thrown by the blast that were coming through the air, he was struck by one of them and injured.

Blasts were made in one pit or the other a number of times every day, and there were three different kinds of warning used.

In the case of very light blasts, where no stone was expected to fly, Johnson would warn the employees in the immediate vicinity to "look out" and they would move away. The second kind, which was given at the time of the accident, as explained by the plaintiff, was "when they used powder in a place or seam where they think or believe some rocks will fly;" then "they blow the whistle three times and tell the men to look out for themselves. . . . The men then look out for themselves. . . . They protect themselves by looking up and dodging stones that come down." The third method of warning was used in case of very heavy blasts, when "they think a great many stones will fly;" then the whistle is blown and the men are ordered to come out of the pits. The alleged negligence relied on by the plaintiff was that of Johnson in failing to use the third method of warning and thereby order the men out of the pit at the time of the accident. Clearly there was not evidence to sustain any other of the many allegations in the declaration; and the obvious risks incident to this dangerous employment as ordinarily and properly conducted were assumed by the plaintiff, who was an experienced quarryman.

Upon the main question in controversy, whether at the time of this accident the third method of warning should have been given instead of the second, there was evidence introduced by the plaintiff that a seam blast was not generally considered a very heavy blast, such as to call for ordering the employees out of an adjoining pit, unless five or more kegs of powder were used; and that for the blast in question, where only a keg and a half were used, it was Johnson's duty to see that a warning whistle was blown, and that sufficient time was given for employees to protect themselves if they saw fit; and further that ample time was given for this at the time of the accident. It is true that this evidence came from answers filed by the defendant to the plaintiff's written interrogatories, but the plaintiff, with ample knowledge thereof, produced no witness who contradicted or controlled it. The only other testimony bearing upon the question whether the third method of warning should have been used was that of the plaintiff and some others to the effect that it was customarily given when they put the powder in a place from which they knew or thought a great many stones would fly. But no evidence was introduced to show that Johnson, when he fired the charge, had

reasonable grounds to expect that many stones would be thrown under the circumstances existing here, where a comparatively small amount of powder was placed in a seam blast for the purpose of pushing the stone down the sloping bed of the quarry. In fact when this same stone was moved a few days before and apparently by the same kind of blasting charge, it does not appear that any stones were thrown. And it may be added that the proximate cause of the injury was not the large number of stones, but a single stone which rebounded from the side of the quarry, — something which might occur in the case of any ordinary blast.

Without considering the issues of the plaintiff's due care and assumption of risk, we are of opinion that the trial court was right in ruling that the jury would not be warranted in finding the defendant liable upon the evidence presented.

*Exceptions overruled.*